UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JULIA CARNEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: |
| ) | |
| KNOX COUNTY ASSOCIATION ) | |
| FOR REMARKABLE CITIZENS, ) | |
|     Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Julia Carney ("Carney"), by counsel, against Defendant, Knox County Association for Remarkable Citizens, ("Defendant"), for its actions against her in violation of the Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 *et seq.* ("FMLA").

**II. PARTIES**

2. Carney is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Knox County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a Domestic Non-Profit Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4).

-1-

6. At all times relevant to this action, Carney was an "eligible employee" as that term is defined by the FMLA

7. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. Factual Allegations

8. Carney began her employment with the Defendant on October 24, 1984. She held the position of Behaviors Clinician upon her termination from the Defendant on September 14, 2022.

9. Carney was earning $39 per hour and working 32 hours per week – along with medical insurance, access to Defendant's Wellness Clinic, life insurance, bonus, and 403(b) Plan with 6% match by the Defendant.

10. At all times relevant, Carney met or exceeded Defendant's legitimate performance expectations. At no time during her almost 40 year tenure, did Carney have any job performance issues, disciplinary issues, or reprimands.

11. Carney suffers from serious – on-going - medical conditions – rheumatoid arthritis/autoimmune disorder and significant gastrointestinal debilitating conditions – and was required to take intermittent leave pursuant to the FMLA.

12. Carney's intermittent leave was certified for 3 episodes per month – with 1-3 days off from work necessary – per episode.

13. During the relevant timeframe, the Defendant hired a new President – Nash Dunn ("Dunn").

14.     On September 1, 2022, Carney emailed the Defendant's Human Resources Manager, Amy O'Dell ("O'Dell"), about the need for FMLA leave and the concomitant paperwork.

15.     Responding to Carney's request on the same day, O'Dell sent Carney – via email – all necessary FMLA paperwork.

16.     On September 9, 2022, Dunn asked Carney not to take any time off and, in fact, on September 12, 2022, she met with Dunn and O'Dell who denied her request for time off for a vacation.

17.     On the afternoon of September 14, 2022, Carney handed Dunn and O'Dell her completed FMLA certification and concomitant paperwork. Dunn immediately responded by asking Carney if she had worked September 5th and then went onto – spuriously and falsely accuse her of malfeasance and "Medicaid fraud."

18.     Carney was then ordered to leave the room. A few moments later, Carney was called back into the room and terminated for – as Dunn put it – "I can't trust you anymore because you committed Medicaid fraud and we're going to have to part ways."

19.     Defendant's proffered reason for Carney's termination is simply pretext.

20.     The true reason appears to be Defendant's interference with Carney taking FMLA leave and/or retaliation for Carney exercising her rights under the FMLA and prospective use of FMLA leave.

## V.  LEGAL ALLEGATIONS

### COUNT I – FMLA INTERFERENCE

21. Carney hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant interfered with Carney's rights under the FMLA and terminated her for his prospective need for FMLA leave.

23. Defendant's actions were intentional, willful and in reckless disregard of Carney's rights as protected by the FMLA.

24. Carney suffered damages as a result of Defendant's unlawful actions.

## COUNT II – FMLA RETALIATION

25. Carney hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant retaliated against Carney for exercising her rights under the FMLA by terminating her employment.

27. Defendant's actions were intentional, willful and in reckless disregard of Carney's rights as protected by the FMLA.

28. Carney suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Julia Carney, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to her full-time position, with the pay and benefits she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits – including reinstatement to the Defendant's wellness center;

3.  Enjoin Defendant from further discriminatory actions against any employee based on their use of FMLA leave;

4.  Award Plaintiff any pay raises or promotions she should have received absent Defendant's discriminatory actions;

5.  Payment of uncovered medical bills and/or insurance premiums;

6.  Pay to Plaintiff liquidated damages due to Defendant willful violation of the FMLA;

7.  Pay to Plaintiff pre- and post-judgment interest;

8.  Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

9.  Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker* _____
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff, Julia Carney*

-6-

## DEMAND FOR JURY TRIAL

Plaintiff, Julia Carney, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff, Gary Carney*